# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40998
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MANUEL GOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-251-2

Before JOLLY, BENAVIDES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Gomez appeals his jury conviction and sentence for conspiracy to possess with intent to distribute methamphetamine. He argues that the Government engaged in improper closing argument and that his life sentence was unreasonable. We affirm.

We review for plain error only Gomez's argument that the Government engaged in improper closing argument by commenting on the credibility of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gomez and his wife as trial witnesses. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In closing argument, the Government's attorney may comment on the credibility of a witness if he or she makes clear that the conclusion he or she is urging the jury to draw is drawn from the evidence. United States v. Thompson, 482 F.3d 781, 786 (5th Cir. 2007). The record establishes that the Government's stated credibility argument was drawn from the evidence adduced at trial. Thus, Gomez has not demonstrated reversible plain error.

Gomez additionally contends that the district court committed a procedural sentencing error by failing to demonstrate on the record that it considered his arguments in mitigation of sentence. The record, however, establishes that the district court fully complied with 18 U.S.C. § 3553(c) and Rita v. United States, 127 S. Ct. 2456, 2468 (2007), with regard to its statement of reasons. Although it did not expressly address and reject Gomez's arguments concerning his age and prior criminal history, it was not required to do so. See Rita, 127 S. Ct. at 2468. The district court gave extensive reasons why it believed a Guidelines sentence was appropriate. Gomez has failed to show an abuse of discretion with regard to the imposition of his sentence. See Gall v. United States, 128 S. Ct. 586, 594 (2007).

AFFIRMED.